## UNITED STATES of America, Plaintiff–Appellee,

v.

## Juan Luis GONZALEZ–ALONZO, Also Known as Alfonso Perez–Macias, Defendant–Appellant.

No. 05–51538.
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Oct. 26, 2006.

Joseph H. Gay, Jr, Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Judy Fulmer Madewell, Federal Public Defender's Office, Western District of Tex-

---

**2.** We note that another panel of this court was recently presented with facts involving Mehta that are nearly identical to those presented here. *In re Shah,* 200 Fed.Appx. 349 (5th Cir.2006). In that case, Mehta appealed an order of the bankruptcy court finding him in civil contempt and sanctioning him. Meh-ta failed to file a brief in that case and the district court dismissed his appeal. This court affirmed, holding that "[g]iven the history of Mehta's refusal to obey court orders, his delaying tactics, and missed deadlines, the district court did not err in dismissing this appeal." *Id.* at 351.

as, San Antonio, TX, for Defendant–Appellant.

Before JONES, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit Judges.

PER CURIAM: *

Juan Luis Gonzalez–Alonzo (Gonzalez) pleaded guilty to count 1 of an indictment charging him with illegal reentry following deportation. Gonzalez was sentenced to a 57–month term of imprisonment and to a three-year period of supervised release. Gonzalez gave timely notice of his appeal.

Gonzalez contends that the district court erred in ruling that his prior New York conviction of third-degree felony rape was a "crime of violence" for purposes of U.S.S.G. § 2L2.1(b)(1)(A)(ii) (2004). *See* N.Y. PENAL LAW ANN. § 130.25 (McKinney 1998). We review this question de novo. *See United States v. Sarmiento–Funes,* 374 F.3d 336, 338 (5th Cir. 2004).

Under § 2L1.2(b)(1)(A)(ii), a defendant's offense level is increased by 16 levels if, prior to deportation, he was convicted of a "crime of violence." The offense of statutory rape is a crime of violence. § 2L1.2, comment. (n.1(B)(iii)).

Gonzalez was convicted under part 2 of § 130.25, under which a person is guilty of rape in the third degree when, "Being twenty-one years old or more, he or she engages in sexual intercourse with another person to whom the actor is not married less than seventeen years old." § 130.25–2. This statutory definition is consistent with a "common sense" meaning of the offense of statutory rape. *See United States v. Izaguirre–Flores,* 405 F.3d 270, 275–77 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 253, 163 L.Ed.2d 231 (2005). The district court did not err in applying § 2L2.1(b)(1)(A)(ii).

Gonzalez contends that, in light of the Supreme Court's holding in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), his sentence exceeds the statutory maximum two-year term of imprisonment under 42 U.S.C. § 1326(a) because he was sentenced under § 1326(b) on the basis of facts that were not alleged in the indictment, admitted by him, or proved beyond a reasonable doubt. Gonzalez's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Gonzalez contends *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* this court has repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Gonzalez properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.